ing that outside of that strip the defendant has annually mowed the weeds, but there can be no prescription to mow weeds.

The judgment should be reversed.

Judgment reversed on the law and facts, and new trial granted, costs to abide the final award of costs. All concur.

***

## GORDON v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. LIBEL AND SLANDER—ACTIONABLE WORDS—WORDS EXPOSING TO HATRED—WORDS IMPUTING CRIME—NECESSITY.

While it is necessary that the publication, to constitute actionable slander, shall charge a crime, etc., it need not do so to constitute libel; any publication in writing which holds one up to ridicule, contempt, hatred or obloquy being libelous, though it charged no criminal offense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 1–9.

For other definitions, see Words and Phrases, vol. 5, pp. 4116–4125.]

2. SAME.

When a newspaper published a news article stating that, within 15 minutes after the discovery of the body of plaintiff's wife, plaintiff had a quarrel with the undertaker, who had been called by her sister, and threatened to kill the undertaker unless he left the house, since the publication represented, in effect, that plaintiff threatened to kill another in a passion, without just cause, it would necessarily bring him into contempt and hatred so as to make the publication actionable libel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 1–9.]

Appeal from Trial Term.

Action by Hugh L. Gordon against the New York Evening Journal Publishing Company. From a judgment for defendant on a dismissal of the complaint, plaintiff appeals.

The action is for damages for libel for publishing of and concerning the plaintiff the following:

"With her eighteen-months-old baby stroking her hair, Mrs. Loretta Gordon, twenty-eight years old, was found dead in her bed by her husband on his return from work to his home at No. 106 Etna street, Brooklyn, to-day. Within fifteen minutes after the discovery of the body the husband had a quarrel with an undertaker who had been called in by Mrs. Gordon's sister.

"'Unless you leave this house immediately I'll blow your brains out,' Gordon declared to Undertaker F. F. Brewster.

"'I was called here by Miss Mabel Inglehardt and I shall proceed,' coolly replied Undertaker Brewster. Then he did proceed without interference from Gordon.

"Miss Mabel Inglehardt, a sister of the dead woman, had slept in the house during the night. She was immediately called by Gordon and she sent, it is said, for Undertaker Brewster, against Gordon's wishes.

"Brewster found no marks of violence on the body."

The plaintiff is the husband of the deceased woman mentioned therein.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Alexander S. Bacon, for appellant.

Clarence J. Shearn, for respondent.

GAYNOR, J.   On what motion this publication in writing was deemed not to be a libel by the learned trial court does not appear, unless because it charges no crime.   But that requisite does not relate to libels but only to oral slanders, as is too familiar to call for citations of authorities, unless to gratify the overgrown habit of citation.   Any publication in writing which holds one up to ridicule, contempt, hatred or obloquy is libelous, even though it charge no criminal offense.   Here the plaintiff is held out as going into a passion and threatening to kill another without cause or justification.   Certainly this wrongdoing holds him up to just hatred and contempt, which is the due of all wrongdoing and wrongdoers.   Such liberties cannot be taken with people with impunity.   It is wholesome that the civil law of libel be strictly enforced.   It affords full immunity for the publication of the truth in all cases (although that be not true of the criminal law of libel), and falsehoods should not be published however sensational and profitable.

The judgment should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event.   All concur.